[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2007
THOMAS K. KAHN
CLERK

No. 06-14593
Non-Argument Calendar

_____

D. C. Docket No. 06-20034-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOISES DEL VAL,
a.k.a. Moises Rodriguez-Del Val,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 17, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Moises Del Val appeals his conviction for one count of possession of a

firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g), for which he was sentenced to 10 months' imprisonment. The only issue on appeal is whether the district court erroneously denied Del Val's motion to suppress the firearm and ammunition that formed the basis for his conviction.

On October 19, 2004, agents from the Drug Enforcement Administration (DEA) in conjunction with the Miami-Dade County Police Department executed a search warrant on a suspected marijuana grow-house located on the property adjacent to Del Val's. Agents conducting surveillance noticed four men, one of which was later identified as Del Val, watching the search from chairs in front of a garage located on Del Val's property. Agents also saw Del Val and another man twice ride all-terrain vehicles (ATVs) to the property under surveillance, then return to the garage. After monitoring the individuals on Del Val's property, three agents walked on to the property seeking to identify the individuals. The agents were wearing vests that identified them as law enforcement and were armed, however, their guns remained holstered. Before reaching the house, the agents were approached by Del Val who told them, during "a casual conversation," and without being questioned, "that he had nothing illegal on his property and [the agents] were free to search where [they] wanted." Del Val led the agents into a bedroom attached to the garage whereupon a rifle and ammunition were

discovered. Del Val admitted ownership of the firearm and a background check indicated that he was a convicted felon.

On appeal, Del Val argues that the search violated his rights under the Fourth Amendment because the agents did not possess a warrant to search his property nor did he voluntarily consent to a search and, therefore, the firearm and ammunition should be suppressed.

When reviewing a district court's denial of a motion to suppress, we review the underlying factual findings for clear error and the application of the law to the facts de novo. United States v. Newsome, 475 F.3d 1221, 1223 (11th Cir. 2007). All facts are construed in the light most favorable to the party prevailing below, id. at 1223-24, and where the facts are disputed, we accept the version of the evidence adopted by the district court, "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (internal quotation omitted).

Upon review of the record, we find no reversible error. Viewed in the light most favorable to the government, the evidence shows that before the DEA agents initiated a conversation with Del Val, Del Val approached them, offered to allow them to search the premises, then led the agents to the room in which the firearm

was found. After he was arrested, Del Val stated that "he . . . gave [the agents] consent and showed them his garage to show he did not have any marijuana plants in his garage," and "he did not know he could not have [a firearm] in his house." From those statements, it is clear that Del Val willingly allowed the agents to search because he was eager to demonstrate that there was nothing on his property that he believed to be incriminating. Del Val argues that his consent was involuntarily given because the agents did not notify him that he could refuse to grant consent, however, we have "squarely rejected this argument." United States v. Pineiro, 389 F.3d 1359, 1366 n.4 (11th Cir. 2004). Under these facts, Del Val freely consented to a search of his property.

For the first time on appeal, Del Val argues that the police unlawfully entered his property before asking for his consent to search the premises, which, he alleges, tainted the voluntariness of any later issued consent. We have held that "[t]he Fourth Amendment, which prohibits unreasonable searches and seizures by the government, is not implicated by entry upon private land to knock on a citizen's door for legitimate police purposes unconnected with a search of the premises." United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir. 2006). Accordingly, officers are allowed to approach a residence intending to speak with the inhabitants. Id. The testimony during the sentencing hearing indicated that the

4

DEA agents entered the land belonging to Del Val in order to determine the identities of the four men who had been watching the ongoing search on the adjacent property and inquire why two of them had driven to that property on an ATV twice that afternoon. Before the agents reached the house, they were approached by Del Val who engaged them in conversation. Thus, the entrance onto the property by law enforcement was lawful.

Since the agents were lawfully on the property and Del Val voluntarily offered his consent to search the premises, the district court properly denied his motion to suppress. Accordingly, the decision of the district court is,

**AFFIRMED.**